LOTTINGER, Judge.
This is a suit in tort by Faye S. Medeiros, as petitioner, against Allen J. Borne and his wife, Mrs. Irene M. Borne, for property and personal damages resulting from an automobile collision. The Lower Court awarded judgment in favor of defendants and against petitioner, and dismissed petitioner’s demand. The petitioner has taken this appeal.
The petitioner alleges that approximately 11:15 o’clock a.m. on January 10, 1966, she was traveling alone in her Falcon automobile on Plank Road, a four lane major thoroughfare in the City of Baton Rouge, Louisiana, when the extreme right rear portion of her automobile was struck by an automobile driven by Mrs. Allen J. Borne, who was then attempting to ent,er the right of way street from a private parking lot. Petitioner contends that she was driving on the right, or outside lane of said four lane road at a speed of twenty miles per hour, which was well within the speed limit, at the time of the alleged accident. She further contends that the defendant left the scene of the accident without stopping or reporting same, and claims property damages against the defendants in the sum of $180.00, as well as personal injuries. Answer was filed by the defendants denying all allegations of the petition.
After trial on the merits of the matter, the Lower Court rendered a judgment in favor of the defendants and against petitioner dismissing petitioner’s action. As reasons for such judgment, the Lower Court said that the petitioner had failed to prove her demand by a preponderance of the evidence.
The record clearly shows that at the time of the alleged accident, the petitioner was proceeding along Plank Road as alleged. At approximately the same time, the defendant, Mrs. Borne, who had been to a hardware store situated on Plank Road, and who was then attempting to exit from the parking lot in front of the store, had pulled out toward Plank Road and was in a stopped position for a period of some five minutes allowing traffic along Plank Road to proceed so that she could cross Plank Road and proceed in an opposite direction from that of petitioner. With Mrs. Borne *101 in her Cadillac automobile, was Mr. A. P. Mercer, who was seated in the right front seat, and Mr. Charles M. Carroll, who was seated in the right rear seat. All three of the parties who were situated in the Cadillac automobile testified to the fact that Mrs. Borne had remained on the curb in a stationary position of approximately some five minutes before traffic cleared to such an extent as to allow her to make her exit into Plank Road traffic. Just prior to the time the traffic cleared sufficiently to allow Mrs. Borne to proceed into Plank Road, all testified that they heard a pop, or a thump, and there was- some discussion inside the car among the three parties as to what had occurred.
Mrs. Borne testified that while she was so parked waiting for traffic, and her car was sitting “dead still”, something hit her like a big rock or something. Shortly thereafter, she turned into the traffic on Plank Road, proceeded in a northerly direction for a couple of blocks when she realized that she was going in the wrong direction to get to a lumber yard to which she was going, and then turned around and went back along Plank Road. When she arrived in front of the vicinity of the hardware store, she noticed a lady’s car parked and the lady was running across Plank Road. This lady did not attempt to signal her or wave to her and Mrs. Borne proceeded on her way. She did not know that the front left of her car had been struck, and the left head lamp knocked out of her car until some time after she had arrived home, when her husband told her of the damage to the left front of her car.
Mr. Mercer, who was seated in the right front of the Borne vehicle, testified that while they were standing still for a period of some five minutes waiting to enter traffic on Plank Road he heard a “pop that sounded like a big rock that flew out from under a tire.” He did not know that they had been involved in a collision, and at the time of the “pop”, the car had been standing still with the motor running. At the time Mrs. Borne asked what was that, and Mr. Mercer replied, “it is a big rock popped from under a tire.” After they had proceeded into Plank Road and driven approximately two blocks then backtracked toward the lumber yard, he noticed a lady running from the inside lane back out toward the curb from which they had been. This lady made no attempt to stop them. Mr. Mercer also did not notice any damages to the Borne automobile until after they had arrived at Mrs. Borne’s house, and Mr. Borne had come into the house telling them that the right headlight had been busted and the rim knocked out.
Mr. Mercer further testified that after hearing the noise, Mr. Carroll said that he thought a car had hit them, and Mr. Mercer replied, “I didn’t think that it did.” Mr. Mercer further stated that he was not paying too much attention at' the time.
Mr. Charles Carroll, who was seated in the right rear of the Borne’s vehicle, testified that Mrs. Borne was still on the curb when the Falcon automobile passed by and struck her on the left front fender. Upon hearing the noise, Mrs. Borne thought that it was a rock. He testified that upon hearing the noise, he saw a scratch on the right rear fender of the Falcon, and said to Mrs. Borne, “That lady hit you.” Mrs. Borne replied, “No, that lady didn’t hit me.” Mrs. Borne then commented that she thought the noise was made by the rock or something. Mr. Carroll was positive that Mrs. Borne’s automobile was sitting still at the time of the noise and was on the curb. The front bumper could have been proceeding somewhat into Plank Road. He too, after they had turned around to backtrack on Plank Road saw the lady running across the street. The lady did not have anything in her hand and didn’t seem to be' attempting to stop them.
This lady, who has been mysterious to the readers of this opinion thus far, was evidently the petitioner. She testified that after the accident, she stopped her Falcon automobile, looked at the damage thereto, and noticing the light rim of the car that *102 had struck her, picked it up. Subsequently, upon seeing the Cadillac proceeding in the opposite direction, she testified that she ran across Plank Road in an attempt to flag down the driver. At that time she said the light rim was still in her hand. She did, however, have the presence of mind to take down the license number of the Cadillac, and later called Mrs. Borne after which, receiving no satisfaction from Mrs. Borne, she notified the police. All of the occupants of the Cadillac testified to the effect that at the time they saw the lady running across Plank Road she had nothing in her hand and she was not attempting to wave down anyone. Mr. Carroll further testified that the Falcon automobile swerved and struck the Cadillac automobile while the Cadillac was standing still and was on the curb.
In its oral reasons for judgment, the Lower Court said:
“I will have to say this, that if Mrs. Borne and Mr. Carroll and Mr. Mercer are not telling me the truth, a terrible injustice has been done to this lady as to whether the car was standing still or not, but I have no reason to disbelieve them or no physical evidence to go on to challenge that statement.
“I further find that it is an unusual circumstance for a car, a Cadillac, to be so slightly damaged and the other car damaged to such a great extent.
“I actually do not know how the accident occurred. It is probably my assumption that a portion of the Cadillac automobile was out in the Plank Road and was struck by Mrs. Medeiros when she passed by, but I am not certain of that. If I believe Mrs. Borne and them, I would have to believe that they were on the parking lot, but yet I know that there is no evidence that Mrs. Medeiros ran up into the parking lot and hit this lady. It could be just as believable that the Cadillac inched out somewhat slowly or imperceptibly into the Plank Road and did hit Mrs. Medeiros, because I was impressed with Mrs. Medeiros’ effort to tell the truth in regard to this case. She tried to testify to what she actually knew and I was impressed with her testimony.
“As I say, cases are won and lost in accordance with rules of evidence, and the law is that to be entitled to an award for damages for personal injuries the plaintiff must carry the burden of proof. She must prove her case in court by a preponderance of the evidence. I might say here that it is not a case of how many witnesses testify to establish such a preponderance of evidence. It is not a matter of numbers, it is a matter of quality. After sitting.here today, I am unable to say how the accident occurred, or stating it another way, I have no firm convictions in my heart, mind or conscience that Mrs. Borne ran out of the parking lot and hit this lady on the right rear fender. So, therefore, the Court has no alternative but to dismiss plaintiffs suit at plaintiff’s costs.”
We believe that the Lower Court was correct in dismissing this claim because of the failure by petitioner to prove her demand by a preponderance of the evidence. Certainly, in view of the conflicting testimony of the witnesses, we are not able to find any error on the part of the Lower Court.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.